JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6998 PA (FMOx) | Date | October 5, 2010 |
|---|---|---|---|
| Title | Maria Bermudez v. J.C. Penney Co., Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

  Before this Court is a Notice of Removal filed on September 20, 2010 by defendant J.C. Penney Corporation, Inc., who was erroneously and additionally sued as J.C. Penney Company, Inc. ("Penney"). (Docket No. 1.) Defendant Gerald Declouette has consented to the Notice of Removal. Penney asserts that jurisdiction exists based on diversity of citizenship. See 28 U.S.C. § 1332.

  Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v.Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999).

  Accordingly, in attempting to invoke this Court's diversity jurisdiction, Defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. "[A] corporation is a citizen only of (1) the state where its principal place of business is located, and (2) the state in which it is incorporated." Johnson v. Columbia Prop. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006)(citing 28 U.S.C. § 1332(c)(1)). To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id. Domicile is evaluated using a number of factors, none of which are dispositive, including: "current residence, voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-6998 PA (FMOx) | Date | October 5, 2010 |
|---|---|---|---|
| Title | Maria Bermudez v. J.C. Penney Co., Inc., et al. | | |

payment of taxes." Lew v. Moss, 797 F.2d 747, 750 (9th Cir. 1986).

     The Notice of Removal sufficiently alleges that Penney is a citizen of Delaware and Texas, and that Plaintiff is a citizen of California. Penney alleges that defendant Declouette is a citizen of Oklahoma, and submits Declouette's declaration as support. Declouette states that he has been employed by Penney as one of its district managers in Oklahoma and has resided there since 2008. Declouette does not provide any information on the remaining factors in the domicile inquiry which would allow the Court to conclude that he is an Oklahoma citizen. A defendant is presumed to know the facts surrounding his own citizenship. See Dugdale v. Nationwide Mut. Fire Ins. Co., No. Civ. A. 4:05 CV 138, 2006 WL 335628, at *5 (E.D. Va. Feb. 14, 2006) ("[A]lthough . . . a defendant need not investigate a plaintiff's citizenship, certainly a defendant is responsible for knowing its own citizenship, and could not ignore such only to later claim that subsequent documents revealed to the defendant its own citizenship."); Wickett v. Katz, No. 91 Civ. 8291 (LJF), 1992 WL 30684, at *2 (S.D.N.Y. 1992) (collecting cases); Day v. Zimmer, Inc., 636 F. Supp. 451, 453 (N.D.N.Y. 1986) (finding that, even if plaintiff misidentifies a defendant's address, "obviously defendant is in the best position to know its residence for diversity purposes"). Declouette's failure to provide the Court with further information necessary to establish his citizenship means that Penney and Declouette have not met their burden to establish diversity jurisdiction.

     Because neither the "four corners" of the Complaint nor the Notice of Removal contain sufficient allegations concerning citizenship, Penney has not met its burden to establish this Court's jurisdiction. See Harris v. Bankers Life and Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005). Accordingly this Court remands this action to Los Angeles County Superior Court, Case No. YC063048 for lack of federal subject matter jurisdiction. See 28 U.S.C. § 1447(c).

     IT IS SO ORDERED.